# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| SHANITA DIANE SWANSON | ) | CASE: A25-57629-JWC |
| | ) | |
| | ) | |
| DEBTOR | ) | |

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

### 1.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

### 2.

The Trustee requests that the Debtor amend the W-4 tax form to accurately reflect income tax liability to ensure the feasibility of this Chapter 13 plan. 11 U.S.C. Section 1325(a)(6).

### 3.

The Trustee requests proof of the date the Debtor received her tax refund and an itemization of Debtor's use of the tax refund. If payments were made to creditors or if assets were purchased, the Trustee requests proper disclosure of those items on the Debtor's statements and schedules. 11 U.S.C. Section 521(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

### 4.

The Trustee requests any written agreement with EK Mortgage or any other person or entity related to the real property located at 3805 Belmont Crossing, Conyers, Georgia, after the Debtor's original purchase of the property in September 2020, including but not limited to any purchase agreement  lease, or other document, in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

5.

Pursuant to testimony, the Debtor may have made property transfers that are avoidable under 11 U.S.C. Sections 544, 547, 548, or 549. The Trustee requests additional information concerning the transfers including the date of the transfer, the nature and fair market value of the property transferred, and the transferee. In addition, the Trustee requests a sworn statement made by the Debtor as to the current address for notices to the transferee.

6.

The Debtor appears to have transferred real property located at 3805 Belmont Crossing, Conyers, Georgia 30013 to her mother, Terry Hicks, on or about May 2025. This transfer may be avoidable pursuant to 11 U.S.C. Sections 547, 544 and/or 549. Accordingly, the plan may not meet the requirements of 11 U.S.C. 1325(a)(4).

7.

The Chapter 13 schedules fail to disclose the value of the Debtor's 401(k) retirement account, in violation of 11 U.S.C. Section 521.

8.

The Debtor's pay advices indicate that the Debtor's income and payroll deductions differ from Schedule I. The Trustee requests that the Schedules be amended to reflect this income or additional documentation to support the currently filed Schedules be remitted to the Trustee. 11 U.S.C. Section 101(10A), 11 U.S.C. Section 1325(b)(6) and 11 U.S.C Section 1325(a)(3).

9.

The Debtor's Chapter 13 schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. Section 1322(d) and 11 U.S.C. Section 1325(a)(6). Specifically, the size of the Debtor's household is two (2).

10.

The Debtor's Schedule I fails to reflect the deduction for a 401(k) contribution, thereby preventing the Chapter 13 Trustee from determining the feasibility of the proposed plan in violation of 11 U.S.C. Section 1325(a)(6).

11.

The Chapter 13 plan proposes to pay $5500.00 to the Debtor's attorney for payment of attorney fees. The Trustee is unable to determine whether this is a reasonable fee and requests that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

12.

The Debtor's proposed plan payment is $1752.00. The Debtor's counsel proposes to be paid a monthly payment of $1312.00 while proposing minimum initial payments to creditors. This disbursement schedule may not be fair and equitable to creditors and not in the best interest of the Debtor. 11 U.S.C. Section 1325(a)(3), General Order 42-2020.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 19th day of August, 2025.

Respectfully submitted,

/s/ _____
Lisa B. Burnette
Attorney for the Chapter 13 Trustee
State Bar No. 096192

## CERTIFICATE OF SERVICE

Case No:  A25-57629-JWC

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

SHANITA DIANE SWANSON
3805 BELMONT XING
CONYERS, GA  30013

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

THE LAW OFFICE OF STANLEY J. KAKOL, JR.

This the 19th day of August, 2025.

/s/_____
Lisa B. Burnette
Attorney for the Chapter 13 Trustee
State Bar No. 096192
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201